IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARGARET EVOLA,**

    **Plaintiff,**

**V**

**HENRY FORD MACOMB HOSPITAL, a Michigan Corporation,**

    **Defendant.**

_____/

KENNETH D. FINEGOOD, P.L.C.
KENNETH D. FINEGOOD P36170
Attorney for Plaintiff
29566 Northwestern Hwy Ste. 120
Southfield, MI 48034
248- 351-0608

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, MARGARET EVOLA, by and through her attorney, Kenneth D. Finegood, PLC and for her complaint states as follows:

### JURISDICTION AND VENUE

1. This action arises out of a premises accident with jurisdiction of the court based upon 28 U.S.C. 1332 (Diversity of Citizenship).

2. Venue is appropriate in this court pursuant to 28 U.S.C. 1391 as the corporate defendant does business in the southern district of Michigan, and this district is where the claim arose.

3. The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

1

## COUNT I

4. That plaintiff MARGARET EVOLIA is a resident of the city of Falls Church, VA

5. That at the time of the incident complained of defendant HENRY FORD MACOMB HOSPITAL, (hereinafter referred to as "HENRY FORD MACOMB") was a Michigan corporation doing business located at 15855 19 Mile Road, Clinton Twp., MI 48038.

6. That on or about October 20, 2018 defendant HENRY FORD MACOMB either owned, possessed and or exercised control of the premises located at 15855 19 Mile Road, Clinton Twp., MI 48038

7. That defendant HENRY FORD MACOMB had notice that its facility was used by business invitees.

8. That on October 20, 2018 plaintiff MARGARET EVOLA, was a business invitee of defendant, lawfully upon defendant's premises walking down an emergency department hallway when she slipped and fell violently to the ground on a freshly mopped floor, which was not open and obvious, thereby sustaining personal injuries as hereinafter set forth.

9. That defendant HENRY FORD MACOMB had a duty to its invitees and plaintiff in particular, to maintain its premises in a reasonable condition for the benefit of its invitees.

10. That defendant HENRY FORD MACOMB breached its duty to plaintiff by allowing an unreasonably hazardous condition to exist consisting of residual water from a freshly mopped floor without posted warnings to invitees of this dangerous an unsafe condition.

11. That defendant HENRY FORD MACOMB created this unreasonably hazardous condition or alternatively knew or should have known that this condition existed, and yet allowed said condition to exist for an unreasonable length of time.

12. That the unreasonable risk of danger on defendant's premises was neither open nor obvious upon casual inspection to a reasonably careful person and was effectively unavoidable, thereby constituting a special aspect due to a substantial likelihood of substantial harm if permitted to exist on defendant's property.

13. That plaintiff MARGARET EVOLA's accident was the direct and proximate result of the negligence of the defendant, consisting of without being limited to the following:

   a. That defendant maintained its premises in a dangerous and defective condition by allowing a clear liquid to exist on the floor due to fresh mopping that defendants knew or should have known that said condition on said premises created an unreasonable risk of harm to plaintiff and others lawfully upon said premises'.

   b. That defendant failed to warn plaintiff of the dangerous and hazardous condition of its premises by failing to post signs, barricades or using other means to cordon off said area to plaintiff or others lawfully on said premises.

   c. That defendant failed to provide plaintiff a safe and nonhazardous route through on its emergency department.

   d. That defendant failed to diminish the hazard of clear liquid on the floor from freshly mopped floor, when it knew or should have known that this condition created an unreasonable risk of injury to invitees, and

   e. That defendant created an unreasonable risk of harm by allowing the clear liquid to exist on its floor from mopping which was not readily observable to the ordinarily observant person.

14. That plaintiff MARGARET EVOLA acted with reasonable care and was not comparatively negligent.

15. That as a direct and proximate result of the defendant's negligence, Plaintiff MARGARET EVOLA sustained severe personal injuries, including but not limited to a comminuted patellar fracture requiring surgery, torn rotator cuff requiring surgery and related injuries, which injuries are progressive and permanent in nature.

16. That if it is established that plaintiff, MARGARET EVOLA, was suffering from any of the aforestated conditions prior to this accident, then and in that event, plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing accident.

17. That as a result of her injuries, plaintiff MARGARET EVOLA, has experienced and continues to experience pain and suffering, humiliation, disability, mental anguish, embarrassment, wage loss and has incurred medical and hospital bills for her care and treatment.

18. Further, plaintiff MARGARET EVOLA has suffered the loss of her ability to engage in various employment, household, social and recreational activities as a result of her injuries.

Wherefore, plaintiff MARGARET EVOLA prays for a judgment against the defendant HENRY FORD MACOMB HOSPITAL for whatever amount she shall be found to be entitled to together with interest, court costs and attorney fees so wrongfully incurred.

**DEMAND FOR JURY IS HEREBY MADE**

S/ Kenneth D. Finegood
Kenneth D. Finegood, P.L.C.
29566 Northwestern Hwy Ste 120
Southfield, MI 48034
248-351-0608
KDFesq44@AOL.com
(P36170)

Dated: November 29, 2019